USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1044

 BEGASHAW AYELE,

 Plaintiff, Appellant,

 v.

 ALLRIGHT BOSTON PARKING, INC.,
 CHARLES LANE, AS PRESIDENT AND
 MOHAMMED AZIM,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 
 
 
 
 Begashaw Ayele on brief pro se.
 Andrew C. Pickett, Christopher J. Campbell and Jackson, Lewis,
Schnitzler & Krupman on brief for appellees.

October 13, 1999

 
 Per Curiam. Pro se plaintiff Begashaw Ayele appeals
 a district court order that granted the defendants summary
 judgment on his claim that the defendants violated Title VII by
 failing to reasonably accommodate his request to have Sundays
 off from his job as a parking cashier. See 42 U.S.C. 2000e-
 (a)(2), (j). Plaintiff further contends that he was unlawfully
 discharged in retaliation for filing a complaint with the EEOC.
 We have thoroughly reviewed the record and the
 parties' briefs on appeal. Where it is undisputed that the
 defendants transferred plaintiff to a position that eliminated
 his religious conflict and that plaintiff rejected the new
 position, we agree with the district court that the issue is
 whether the new position amounted to an accommodation of
 Ayele's religious beliefs that was reasonable. See 42 U.S.C.
 2000e(j). To be reasonable the accommodation, as the
 district court explained, need not measure up to plaintiff's
 preferences, but it must be sufficiently comparable to the
 original position to amount to a reasonable alternative. See,
 e.g., Rodriguez v. City of Chicago, 156 F.2d 771, 775-76 (7th
 Cir. 1998), cert. denied, 119 S. Ct. 1038 (1999); Wright v.
 Runyon, 2 F.3d 214, 217 (7th Cir. 1993); Cook v. Lindsay Olive
 Growers, 911 F.2d 233, 241 (9th Cir. 1990). We agree with the
 district court that, while comparability of two jobs might
 usually be a factual issue requiring determination by a
 factfinder, Ayele here has failed to proffer adequate
 admissible evidence so as to create such an issue. We agree
 with the court that no material factual issue as to a purported
 pay differential or other purported disadvantages has been
 raised. Moreover, the record fails as a matter of law to
 support plaintiff's retaliatory discharge claim. See, e.g., 
 Greenberg v. Union Camp Corp., 48 F.3d 22, 27 (1st Cir. 1995);
 Mesnick v. General Electric Co., 950 F.2d 828-29 (1st Cir.
 1991). 
 The numerous other claims of error that Ayele
 ascribes to the district court are patently meritless. 
 Accordingly, the judgment of the district court is affirmed
 substantially for the reasons stated by the district judge. 
 See Local Rule 27.1.